UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DOMINIC ROSS, SR.,

       Plaintiff,

v.                                                                CASE NO. 3:13-cv-824-J-34JBT

COMCAST CABLE,

       Defendant.

_____/

### REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Amended Affidavit of Indigency,

construed as an Application to Proceed in District Court *In Forma Pauperis*

("Amended Application") (Doc. 5) and Plaintiff's subsequently filed Long-Form

Application to Proceed in District Court Without Prepaying Fees or Costs ("Long

Form Application") (Doc. 7).   For the reasons stated herein, the undersigned

recommends that both Applications be **DENIED** and Plaintiff be given an opportunity

to pay the appropriate filing fee.  If Plaintiff does not do so, the Complaint (Doc. 1)

should be dismissed without prejudice.

     Plaintiff filed his Complaint on July 12, 2013 (Doc. 1) and his Amended

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

Application on July 15, 2013 (Doc. 5).  On July 18, 2013, the Court entered an Order

taking the Amended Application under advisement and allowing Plaintiff to file a

more detailed application on or before August 8, 2013.  (Doc. 6 at 2–3.)  In that

Order, the undersigned observed:

> Plaintiff has not provided the Court with enough information to determine whether he is without sufficient financial resources to pay the filing fee. (*See* Doc. 5.) Plaintiff's affidavit raises the possibility that important information has been omitted. For example, Plaintiff states that his only income is a $367.00 per month welfare payment, yet he also states that he contributes $600.00 per month to the support of his four sons, makes a monthly $636.36 mortgage payment, and owes $13,500.00 on an auto loan. (*Id.* at 2–3.) These expenses appear to far exceed Plaintiff's stated income. Additionally, Plaintiff indicates that he owns stocks and bonds worth between $15,000.00 and $17,000.00.

(*Id.* at 2.)  Because of these deficiencies, the undersigned directed Plaintiff to file a

long-form application.  (*Id.* at 2–3.)  The undersigned warned Plaintiff that he "should

be mindful to fill out every blank, including zeros and indications that a question is

not applicable where appropriate."  (*Id.* at 2.)  The undersigned further warned

Plaintiff that "[f]ailure to comply with these instructions may result in a

recommendation to the District Judge that the [Amended Application] be denied."

(*Id.*)

Plaintiff filed his Long-Form Application on August 7, 2013.  (Doc. 7.)

However, the Long-Form Application is still missing information needed to determine

whether Plaintiff qualifies to proceed *in forma pauperis*.  Moreover, the information

that the Long-Form Application does contain tends to show that Plaintiff does not

qualify.

On the Long-Form Application, Plaintiff leaves blank the space for his monthly employment income.  (Doc. 7 at 1.)  Plaintiff similarly leaves blank the space for interest and dividend income that he receives.  (*Id.*)  Plaintiff does not appear to have intended these blanks to indicate that he has no such income because he fills in many other spaces with a zero, such as those for self-employment and disability income.  Additionally, Plaintiff states that he received $1,000.00 this month in gifts and expects to receive the same next month. (*Id.*)  Also, contrary to his Amended Application, the Long Form Application indicates that Plaintiff owns an $18,700.00 Buick Lacrosse and lists a zero for car payment, and that he owns a $116,000.00 house and leaves blank any mortgage payment.  (*Id.* at 3–4.)

Even considering both the Amended Application and the Long Form Application together, Plaintiff has not filed an application sufficient to establish that he is entitled to proceed *in forma pauperis*.  Despite being given an opportunity to cure the deficiencies in his Amended Application by filing the Long-Form Application, Plaintiff has failed to do so.  Therefore, the undersigned recommends that Plaintiff's Application be denied.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    The Amended Application (**Doc. 5**) and the Long-Form Application (**Doc. 7**) be **DENIED**.

2.    Plaintiff be given an opportunity to pay the appropriate filing fee.  If

3

Plaintiff does not do so, the Complaint (**Doc. 1**) should be dismissed without prejudice.

      **DONE AND ENTERED** at Jacksonville, Florida, on August 26, 2013.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff

4